UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SHERRIE BEALS,

        Plaintiff,

    v.

METROPOLITAN LIFE INSURANCE COMPANY, MERRILL LYNCH & CO., and DOES 1 to 100,

        Defendants.

        NO. CIV. 08-2116 WBS KJM

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for January 12, 2009, and makes the following findings and orders without needing to consult with the parties any further.

    I.    <u>SERVICE OF PROCESS</u>

All named defendants have been served and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

1

## II. JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III. JURISDICTION/VENUE

Jurisdiction is predicated upon 29 U.S.C. § 1001-1461 (Employee Retirement Income Security Act). Venue is undisputed and is hereby found to be proper.

## IV. DISCOVERY

The parties shall serve initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by no later than January 14, 2009.

The parties agree that experts are not warranted and therefore the disclosures contemplated by Federal Rule of Civil Procedure 26(a)(2) are inapplicable.

The parties agree that discovery is not authorized in this case because the court will decide it based only on the administrative record. Defendants shall provide plaintiff with a copy of the administrative record no later than January 14, 2009.

## V. MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before July 7, 2009. All motions shall be noticed for the next available hearing date. Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law

2

and motion calendar.

Accordingly, such motions shall be filed on or before July 7, 2009.  Each party's opposition shall be filed on or before July 21, 2009, and each party's reply shall be filed on or before July 28, 2009.  Oral argument on the cross-motions for summary judgment will be heard on August 11, 2009.  The parties anticipate that oral argument will take half of one court day.

### VI.     FINAL PRETRIAL CONFERENCE

The parties suggest that this matter should be adjudicated through cross-motions for summary judgment.  However, their attention is directed to Kearney v. Standard Ins. Co., 175 F.3d 1084, 1094-95 (9th Cir. 1999), which counsels against such a procedure in favor of a trial based on the administrative record. Accordingly, a Final Pretrial Conference is set for October 5, 2009, at 2:00 p.m. in Courtroom No. 5.

Two weeks before the Final Pretrial Conference, each party shall file a separate pretrial statement.  The parties' pretrial statements need only (1) identify the factual, legal, and evidentiary issues that the court must resolve at trial; (2) propose a schedule for filing trial briefs and any supplements to the administrative record; and (3) estimate the amount of time needed for the bench trial.

After receiving the parties' pretrial statements, the court may issue a Final Pretrial Order without requiring appearances at the Final Pretrial Conference.  If, however, the court does not do so, the conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

VII. <u>TRIAL SETTING</u>

The bench trial is set for December 8, 2009 at 9:00 a.m.

VIII. <u>VDRP & SETTLEMENT CONFERENCE</u>

A Settlement Conference may be set at the time of the Pretrial Conference. All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge. If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

IX. <u>MODIFICATIONS TO SCHEDULING ORDER</u>

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

DATED: January 9, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4